J-S20025-15

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMAR LAMONT JORDAN, | |
| Appellant | No. 1462 WDA 2014 |

Appeal from the PCRA Order Entered September 2, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003348-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                         **FILED MAY 22, 2015**

Appellant, Damar Lamont Jordan, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In addition, counsel has filed an application seeking to withdraw.  We grant counsel's application to withdraw and affirm the order of the PCRA court.

A prior panel of this Court summarized the factual and procedural history of this case as follows:

> On September 30, 2012, in the 600 block of Wallace Street, [Appellant] shot and killed Kendall Bryant and seriously wounded Ramone Lemon.  N.T., 4/25/13, at 7-8.  Thereafter, the Commonwealth charged [Appellant] with murder (18 Pa.C.S.A. § 2501(a)), attempted murder (18 Pa.C.S.A. §§ 901, 2501(a)), two counts of aggravated assault (18 Pa.C.S.A. § 2702(a) (1)), two counts of recklessly endangering another person (18 Pa.C.S.A. § 2705), possessing an instrument of crime

(18 Pa.C.S.A. § 907(a)) and firearms not to be carried without a license (18 Pa.C.S.A. § 6106(a)(1)).

[Appellant] pled guilty pursuant to an open plea to third-degree murder and aggravated assault. In exchange, the Commonwealth withdrew all other charges. On June 20, 2013, the trial court sentenced [Appellant] to serve 180 to 360 months of imprisonment for his conviction of third-degree murder and 66 to 132 months of imprisonment for his conviction of aggravated assault. The trial court imposed the term of imprisonment for aggravated assault consecutively to the term of imprisonment for third-degree murder.

On July 2, 2013, the trial court denied [Appellant's] motion to modify his sentence.[1] Thereafter, [Appellant] filed a timely notice of appeal followed by a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed its Pa.R.A.P. 1925(a) opinion on September 6, 2013.

> [1] Our thorough review of the certified record on appeal reveals that [Appellant's] counsel never filed the motion to modify sentence of record.

***Commonwealth v. Jordan***, 1255 WDA 2013, 97 A.3d 102 (Pa. Super. filed February 11, 2014) (unpublished memorandum at 1-2). This Court affirmed Appellant's judgment of sentence. ***Id.*** Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On June 16, 2014, Appellant filed a timely PCRA petition. Counsel was appointed and filed a supplemental PCRA petition. Supplemental PCRA Petition, 7/28/14. On July 31, 2014, the PCRA court issued an opinion and notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907(1).[1] On

_____

[1] In the opinion, the PCRA court amended its sentencing order as to restitution. The initial restitution ordered for counts one and two was
*(Footnote Continued Next Page)*

September 2, 2014, the PCRA court entered its final order denying collateral relief. On September 5, 2014, Appellant filed a notice of appeal. The PCRA court issued a Pa.R.A.P. 1925(a) opinion, relying on the analysis provided in its notice of intent to dismiss.

On December 9, 2014, PCRA counsel filed a motion to withdraw as counsel; she also filed with this Court a **Turner**/**Finley**[2] document. When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]
>
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]
>
> 3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]
>
> 4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

_(Footnote Continued)_ ──────────────────

combined and assigned to count one only. No restitution remained at Count two.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finely**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

5)      The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6)      The court must agree with counsel that the petition is meritless.

*Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008) (internal punctuation marks omitted).

In the present case, counsel complied with the requirements for withdrawal from a collateral appeal.  In the motion filed with this Court, counsel alleged that she has reviewed the case, evaluated the issues, and concluded that, as expressed in the attached no-merit letter, the appeal lacks merit.  Counsel has also listed the issue relevant to this appeal, and explained why, in her opinion, it is without merit.  In addition, counsel averred that she has sent Appellant a copy of the motion to withdraw and the no-merit letter, which advises Appellant of his right to proceed *pro se* or through privately retained counsel.  Thus, we will allow counsel to withdraw if, after our review, we conclude that the issue relevant to this appeal lacks merit.

We have discerned the following issue, which was presented by PCRA counsel on behalf of Appellant in the Pa.R.A.P. 1925(b) statement:

Did the PCRA Court err in denying Appellant's PCRA Petition and finding that Appellant's plea was voluntarily and knowingly

entered under oath and will [sic] full knowledge of the possible consequences?

Appellant's Brief at 5.[3]

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.** (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

To the extent that Appellant argues that his plea was not knowingly or voluntarily entered, Appellant's Brief at 14, 16-17, we find this issue waived. Appellant could have raised this issue on direct appeal, but failed to do so. **See Commonwealth v. Lambert**, 797 A.2d 232, 240 (Pa. 2001) (issues that could have been raised on direct appeal but were not are waived under the PCRA); 42 Pa.C.S. § 9544(b) (issue is waived if petitioner failed to raise

---

[3] Although this single issue is presented in the statement of questions presented for review, Appellant's counsel identifies and addresses an additional claim throughout the brief. Specifically, Appellant also asserts that trial counsel was ineffective for advising Appellant that his sentence could not exceed fifteen years even though the crimes for which Appellant entered his plea were crimes that exposed Appellant to an aggregate sentence far exceeding fifteen years. Appellant's Brief at 13, 14-15. Accordingly, we shall address the two related issues in determining whether either issue supports a grant for relief.

it, and it could have been raised before trial, at trial, on appeal, in *habeas corpus* proceeding, or in prior proceeding under PCRA).

Appellant also asserts that trial counsel was ineffective for providing Appellant with erroneous advice regarding his sentence exposure. Appellant's Brief at 15. Appellant maintains that defense counsel told him that his plea would result in an aggregate maximum sentence of no more than fifteen years of incarceration. ***Id.*** Appellant further argues that counsel's statement that Appellant would receive no more than fifteen years, when the potential sentence was much higher, was not reasonably designed to effectuate Appellant's interests. ***Id.*** Additionally, Appellant contends that counsel's unreasonable performance prejudiced Appellant because he relied on this erroneous advice when accepting the plea offered by the Commonwealth. ***Id.*** Appellant maintains that his plea was unlawfully induced due to trial counsel's erroneous statements pertaining to the aggregate sentence. ***Id.***

Ineffectiveness claims are cognizable under the PCRA. ***Lambert***, 797 A.2d 232, 242; 42 Pa.C.S. § 9543(a)(2)(ii). When considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. ***Commonwealth v. Pierce***, 527 A.2d 973, 975-976

(Pa. 1987). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different." *Commonwealth v. Wallace*, 724 A.2d 916, 921 (Pa. 1999). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" *Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa. Super. 2006) (citation omitted). Instead, "the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea." *Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005). "The voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lynch*, 820 A.2d 728, 733 (Pa. Super. 2003). Therefore, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Boyd*, 835 A.2d 812,

815 (Pa. Super. 2003). If the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief. *Hickman*, 799 A.2d at 141.

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?
>
> 4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> 6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
>
> 7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590; *Commonwealth v. Pollard,* 832 A.2d 517, 522–523 (Pa. Super. 2003). "The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa. Super. 1998). "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999) (citation

and internal brackets omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, ... a court 'is free to consider the totality of the circumstances surrounding the plea.'" *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004) (citation and internal quotation marks omitted).

In the case *sub judice*, during the plea hearing, Appellant was provided with the relevant information and asked the necessary questions pursuant to Pa.R.Crim.P. 590. N.T., 4/25/13, at 1-11. Specifically, the following exchange regarding the potential sentence ranges took place:

> [Commonwealth]: Pursuant to negotiations with your attorney, you have agreed to come here today and enter pleas of guilty to third degree murder and aggravated assault[,] and whatever other charges were filed against you would be withdrawn. Now, the judge has to accept that plea. And if he accepts the plea, it's final. If he doesn't accept the plea, you would still be presumed innocent, and we would head to trial.
>
> The maximum penalty for third degree murder is 40 years in prison and a $25,000 fine. In addition, there is a five-year mandatory minimum penalty for that, which means that no matter what your sentence is – and I don't know what your sentence will [be] – the judge has to at least give you five years in prison because you used a gun. We're not saying that 40 years is what you would get. We're saying that's the most the judge could sentence you to. Okay?
>
> [Appellant]: (Nods head affirmatively.)
>
> [Commonwealth]: The other charge that you're pleading guilty to is aggravated assault for the second person involved. The maximum penalty for that is 20 years in prison and a $25,000 fine. Again, there is a five-year mandatory minimum because a gun was used, so you would have to serve at least five years on that. And it would be up to the judge whether he ran the five years consecutive, which means it would be five plus

five, or concurrent, which means it would just be the five running together. Okay? That's up to the judge.

[Appellant]:        All right.

[Commonwealth]:        So what that means in sum is, is that if you were sentenced to the maximum penalty, you could face 60 years in prison and $50,000 in fines and up to ten years in mandatory minimums. Okay?

[Appellant]:        Okay.

[Commonwealth]:        Understand that?

[Appellant]:        Yeah, I do.

*Id.* at 3-4. During that hearing, Appellant executed a "Defendant's Statement of Understanding of Rights Prior to the Entry of a Guilty Plea." *Id.* at 7; Defendant's Statement of Understanding of Rights prior to Guilty/No Contest Plea, 4/25/13, at 1. In signing it and upon questioning, Appellant did not indicate any questions or concerns regarding the oral colloquy or the written guilty plea memorializing the oral colloquy. N.T., 4/25/13, at 7. Trial counsel advised the court that after discussing the matter with Appellant, counsel was satisfied that Appellant's plea was voluntarily and knowingly entered. *Id.* at 9. Appellant also stated that he discussed the matter with his attorney and indicated that he had no questions regarding the entry of his plea. *Id.* at 10. The trial court concluded the hearing with the following statement:

[B]ased on the court's observations, the plea colloquy of record, Appellant's Statement of Understanding of Rights, and the Criminal Information, both of which have been signed by [Appellant] and his attorney, the court finds the pleas to be

- 10 -

voluntarily and knowingly entered, and accepts the pleas at this time.

*Id.* at 11.

Thus, based on the testimony at the plea hearing, we conclude that there is no merit to Appellant's claim. The maximum penalties for each charge were set forth for Appellant, and he indicated that he understood the sentencing possibilities he was facing. Additionally, when questioned, Appellant indicated that he understood the sentencing possibilities and that he had no questions regarding the plea agreement.

Moreover, trial counsel executed an affidavit, and in it made the following statements:

> I was able to negotiate a plea offer for [Appellant] that included a 3rd degree murder charge for the homicide of Kendall Bryant, an aggravated assault charge for the shooting of Mr. Lemon, and the remaining charges would be nolle prossed.
>
> On the same day I received this plea offer [from the Commonwealth], I had a consultation with [Appellant] at the Erie County Jail. At that time I discussed the plea offer from the Commonwealth as well as the standard range sentences for each charge. [Appellant] was aware that with the deadly weapon enhancement the 3rd degree murder charge carried a standard range sentence of 90 months to the statutory limits. Additionally, [Appellant] was aware that the standard range sentence for the aggravated assault charge with the deadly weapon enhancement was 54 to 72 months. [Appellant] was presented with the sentencing matrix for these charges during the consultation. Recent sentences in Erie County for 3rd Degree murder, were also discussed with [Appellant]. Considering those sentences, I explained that while the low end of the sentencing guideline for 3rd degree murder was 7 ½ years, I expected his sentence would be closer to 15 years for the 3rd degree murder charge. It was also discussed that all sentences are discretionary with the judge and that I could not guarantee what

[Appellant] could receive as a sentence. In that same regard, I did explain that within the judge's discretion is the decision to run sentences concurrently or consecutively, therefore, there was a possibility that the judge could run the sentences for the 3rd degree murder charge and the aggravated assault charge concurrently. However, because there were two victims the judge would be well within his discretion to run the sentences consecutively. At no point did I promise a specific sentence or guarantee a specific sentence to [Appellant].

Furthermore, it was discussed with [Appellant] that he did not have to accept the plea and we could proceed to trial. The trial was currently scheduled for the May 2013 trial term. Therefore, [Appellant's] claim in his P.C.R.A. petition that the Commonwealth's plea offer was discussed with him approximately two weeks prior to trial is accurate. However, the negotiated plea was discussed with him as soon as it was offered by the Commonwealth. Moreover, [Appellant] knowingly and voluntarily entered a plea that mitigated his potential exposure to a 1st degree murder conviction and an attempted 1st degree murder conviction. Additionally, the Commonwealth agreed not to discuss the severity of the injuries sustained by Ramone Lemon, nor the current medical condition of Mr. Lemon, which as reported to me included the limited mobility of Mr. Lemon and the necessity of Mr. Lemon to wear a colostomy bag since the incident. Moreover, the Commonwealth, while refusing to make a sentencing recommendation, did agree not to oppose concurrent sentences.

Supplemental PCRA petition, Exhibit F, at 3-4.

Thus, there is additional evidence that Appellant was advised of the sentencing possibilities. Trial counsel asserted that he did not promise Appellant that the sentences would run concurrently and not consecutively. We find no merit to Appellant's claim that counsel told Appellant that the maximum aggregate sentence he could get would be fifteen years. We therefore conclude there is no merit to Appellant's claim that he did not knowingly or voluntarily enter his plea based on counsel's erroneous advice.

Accordingly, there is no merit to the underlying claim that trial counsel induced Appellant to enter his guilty plea based on erroneous advice. The PCRA court properly denied Appellant's PCRA petition.

In summary, it is our determination that Appellant failed to present an issue warranting relief. Also, having determined after independent review of the record that there are no other issues that support a grant of relief, we allow counsel to withdraw.

Motion to withdraw granted. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2015